# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50734
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO ABIMAEL OCHOA-JUAREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-3324-1

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

    Sergio Abimael Ochoa-Juarez appeals his sentence under 8 U.S.C. § 1326. For the first time on appeal, he argues that § 1326(b) violates the Constitution by treating a prior conviction that increases the statutory maximum as a sentencing factor, rather than as an element of the offense. Although Ochoa-Juarez's 21-month term of imprisonment is within the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

otherwise applicable statutory maximum in § 1326(a), he alleges that his three-year term of supervised release exceeds the one-year statutory maximum that applies without a § 1326(b) enhancement. *See* 18 U.S.C. §§ 3559(a), 3583(b). Ochoa-Juarez acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but nonetheless raises the argument to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

Because Ochoa-Juarez correctly concedes that his argument is foreclosed by *Almendarez-Torres*, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.